Brett Foster (#6089)
Tamara L. Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Pattern Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PATTERN INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**PATTERN BRANDS INC.**, a Delaware corporation,<br><br>    Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>Civil No. 2:21-cv-00388-RJS<br><br>Judge  Robert J. Shelby |

Plaintiff Pattern Inc. ("Plaintiff" or "Pattern"), by and through its counsel, alleges and complains against Defendant Pattern Brands, Inc. ("Pattern Brands") as follows:

### THE PARTIES

1.     Pattern is a Utah corporation with its principal place of business at 1633 West Innovation Way, Suite 300, Lehi, Utah. Pattern provides an ecommerce platform for buying and selling its brand partners' consumer goods online.

2. Upon information and belief, Pattern Brands is a Delaware corporation with its principal place of business at 138 East Broadway, 2nd Floor, New York, New York. Pattern Brands provides an e-commerce branding platform to acquire and sell consumer goods online.

## JURISDICTION AND VENUE

3. This is an action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"). This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338, as it involves claims arising under the Lanham Act. Subject matter jurisdiction is also conferred on this Court by 28 U.S.C. § 1332(a) on the basis of diversity citizenship. There is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional amount. This Court has supplemental jurisdiction over the factually-related state law claims in this dispute pursuant to 28 U.S.C. § 1367.

4. Upon information and belief, this Court has personal jurisdiction over Pattern Brands because Pattern Brands has established minimum contacts with this forum. On information and belief, Pattern Brands regularly and continuously transacts business in the State of Utah, including by regularly soliciting business in Utah and selling its goods and services to residents and consumers located in the state of Utah. By virtue of these actions, Pattern Brands has purposefully availed itself of the privilege of conducting business in this State and in this judicial district.

5. Venue is proper in this Court under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### Pattern's Ecommerce Services and Trademark Rights

6. Pattern is an ecommerce company operating at www.pattern.com that offers a wide range of brand management services, including website content, online sales management analysis and consulting services, inventory logistics management, and large-scale online distribution and logistics. Pattern helps its partners control and increase their ecommerce sales and buys and resells its partners' products through online storefronts.

7. Pattern has enjoyed widespread success in the ecommerce industry and its partners include well-known brands such as Panasonic, Skullcandy, Google, Skechers, Converse, Black Diamond, Owlet, and many others. Pattern promotes itself as the "global leader in ecommerce acceleration – helping brands command their maximum share of the exploding $6 trillion global ecommerce market." Pattern's ecommerce platform will "help brands attain profitable ecommerce growth on their websites and on hundreds of global marketplaces."

8. Pattern solicits potential customers of its ecommerce platform, *i.e.*, its brand partners, through its website at www.pattern.com. Brands interested in Pattern's services can fill out a form on Pattern's website to receive a demo of Pattern's services and a complimentary analysis of the brand's ecommerce presence.

9. On November 14, 2018, Pattern filed U.S. Trademark Application Serial No. 88/194,208 to register PATTERN as a service mark in connection with e-commerce services (the "Application").

10. As a result of the Application, Pattern has constructive use priority in the PATTERN Mark based on its November 14, 2018 application date.

11. On June 8, 2021, the United States Patent and Trademark Office issued to Pattern U.S. Registration No. 6,380,775 ("the '775 Registration") for the PATTERN mark for use in connection with ecommerce services, including related to consumer goods. Pattern is the owner of the '775 Registration. The PATTERN mark is registered on the Principal Register. Pattern claims a first use in commerce of the PATTERN mark on January 15, 2019. A true and correct copy of the '775 Registration is attached hereto as **Exhibit A**.

12. Pattern uses its PATTERN mark in advertising and marketing its ecommerce services, including on the internet as shown by the following screenshots:

> Ad · www.pattern.com/ ▼   (888) 881-7576
> 
> **Pattern Ecommerce Company - Contact Us**
> 
> We Help Brands Grow And Succeed On All **Ecommerce** Platforms. Scale Your Distribution. Partner With Us. Grow Your Revenue. Protect Your Brand. Services: Buy Your Inventory, MAP Monitoring, Global **eCommerce**, Detail Page Content, Distribution & Logistics.

> https://pattern.com
> 
> **Pattern: Worldwide Ecommerce Business Solutions**
> 
> **Pattern** is the world's leading growth intelligence organization for **ecommerce**, offering monitoring, compliance, fulfillment, and marketing globally.

13. Pattern's website promotes its ecommerce services as follows:



14. Pattern's efforts and accomplishments have contributed to its reputation and goodwill, making Pattern a well-known and recognized name in the ecommerce field throughout the United States and globally.

15. Pattern enjoys success and a highly regarded reputation in its field due in large part to its use of, and rights in, the PATTERN mark.

16. Pattern has made significant expenditures and sacrifices to achieve the success it now enjoys. Pattern enforces its rights in the PATTERN mark to ensure Pattern's continued success and excellent reputation.

4812-4762-5199\1

17. As a result of Pattern's continuous use of the PATTERN mark, including advertising and selling services under this mark, the PATTERN mark has become an asset of substantial value to Pattern as a distinctive indication of the origin and quality of Pattern's services. Pattern uses the PATTERN mark in interstate commerce in connection with the sale and advertising of its ecommerce and other services nationwide and throughout the world.

**Pattern Brands' Trademark Applications and Use of the PATTERN BRANDS Mark**

18. On February 25, 2019, Pattern Brands filed intent-to-use applications to register the marks PATTERN (US Ser. No. 88314610) and PATTERN BRANDS (US Ser. No. 88314554) with the USPTO.

19. Pattern Brands filed its trademark applications over three months after Pattern filed its application for the PATTERN mark.

20. Pattern Brands' trademark applications provide for use of the PATTERN and PATTERN BRANDS marks in International Class 20 in connection with "Home furnishings and décor, namely, laundry accessories in the nature of clothes hangers, closet organizer system components comprising shoe racks, boxes, shelving, drawers, chests of drawers, coat racks, hat racks, drawer organizers, drawer dividers and non-metal drawer storage bins; free-standing storage closets with organizational systems comprising shelves, clothes rods, hat racks, non-metal storage bins, baskets, boxes, cabinets, drawers, drawer organizers, drawer dividers, and shoe racks, sold as a unit; storage racks for storing hanging garments, coat racks; prefabricated closet organization systems made of wood or metal; non-metal fabric storage bin organizer; prefabricated non-metal closet organizers for shoes, clothing, and accessories; non-metal storage boxes for general use;

shelving, over the toilet shelves, corner shelves, display shelves, outlet shelves; non-metal fabric hanging organizer; freestanding storage rack; free-standing, portable storage closets in the nature of prefabricated closet organization systems; shoe racks; storage cabinets, medicine cabinet organizers; plastic bins; drawer dividers; non-metal clothes hooks, non-metal over-the-door hooks, non-metal over-the-door racks; drawer organizers; frames for pictures."

21. At the time of the February 25, 2019, filings, Pattern Brands was not using the PATTERN or PATTERN BRANDS marks in commerce.

22. On information and belief, on August 2019, Pattern Brands began using the PATTERN BRANDS mark in connection with selling home furnishings and décor.

23. Shortly thereafter, Pattern became aware of Pattern Brands' use of the PATTERN BRANDS mark and of its trademark applications.

24. On or about October 22, 2019, Pattern communicated with Pattern Brands regarding its use of the PATTERN BRANDS mark and the trademark applications Pattern Brands had filed to ascertain its intentions.

25. Pattern Brands responded that because the parties' trademark applications did not overlap in categories, Pattern Brands would be willing to consider a co-existence agreement.

26. On November 18, 2019, Pattern sent Pattern Brands via email a draft co-existence agreement related to the parties' respective marks.

27. In the proposed co-existence agreement, the parties acknowledged that, due to differences in their respective goods and services, there was no likelihood of confusion between their respective uses of the marks. As a result, the proposed agreement provided that each party

7

consented to the other's continued use of the marks in connection with its then respective goods and/or services. The proposed agreement provided, however, that should either party expand beyond its goods or services in such a way so as to create a likelihood of confusion, the other party reserved all rights and remedies to take further legal action.

28. On December 11, 2019, Pattern Brands responded by stating that it was reviewing the proposed co-existence agreement and expected to have something back to Pattern just after the holidays.

29. Pattern Brands never responded further to Pattern or executed the proposed co-existence agreement.

30. As a result of the foregoing, as of at least November 18, 2019, Pattern Brands had actual knowledge of Pattern's PATTERN mark.

**Pattern Brands' Infringement of the PATTERN Mark**

31. On or about June 8, 2021, Pattern Brands issued a press release announcing that it had raised $60 million in capital in order to acquire direct-to-consumer home-centric brands businesses and had completed its first acquisition of a kitchen accessories business. The press release expressly referred to Pattern Brands only as "Pattern," and announced that Pattern had launched www.patternbrands.com as a shopping destination that would make it easier for consumers to shop across a growing category of home goods products.

32. Under the heading "About Pattern," the press release described Pattern as "a family of brands" and stated that the "team behind Pattern formerly founded Gin Lane, a creative agency that for over a decade built dozens of direct-to-consumer brands and digital experiences across

8

4812-4762-5199\1

industries." The press release invited consumers to "learn more" by following "Pattern on TikTok, Instagram and Twitter, or visit patternbrands.com."

33. The press release also invited e-commerce brands to visit the Pattern website to learn how to join "Pattern's family of brands."

34. The PATTERN mark appears at the top of the www.patternbrands.com website and Pattern Brands uses PATTERN throughout its website, as shown by the following screenshot:



35. On its "About Us" webpage, Pattern Brands states that its business model is to acquire e-commerce brands and make the brands available for consumers to purchase online:

9

4812-4762-5199\1



36. Brands interested in joining Pattern Brands can fill out a form on Pattern Brands' website, which allows Pattern Brands to "learn[] about your brand."

37. Pattern Brands promises to deliver to the brands it acquires "The Pattern Advantage," which it describes as its "unique ability to provide" "World-class marketing & brand-building" and "in-house operational excellence and a mature brand platform." Pattern Brands also promises that the process of becoming a "Pattern Brand" is "100% online." *See* https://www.patternbrands.com/acquisition/.

38. As the representations on Pattern Brands' website and press release make clear, Pattern Brands has recently developed an e-commerce branding platform to acquire and sell direct-to-consumer consumer goods online under the PATTERN mark.

39. As such, Pattern Brands' current business model is similar to and overlaps with Pattern's business model, and the companies provide highly similar services to their customers or brand partners.

40. Pattern buys its brand partners' inventory of goods and sells the goods online direct-to-consumers through e-commerce platforms. Pattern advertises its services as "helping brands grow and succeed on all ecommerce platforms" and states on its website that "our brands trust and highly-recommend Pattern because we deliver cutting edge business ecommerce solutions from start to finish." *See* www.pattern.com.

41. Pattern Brands buys brands and sells their goods online direct-to-consumers through e-commerce platforms. As Pattern Brands states on its website "we believe there needs to be a new business model for the country's growing community of e-commerce brands." Pattern Brands' self-proclaimed mission is to "build the Main Street-style e-commerce community that mom-and-pop brands all across the country need."

42. Pattern Brands' unauthorized use in commerce of the PATTERN mark as alleged herein is likely to confuse or deceive consumers as to the origin, source, sponsorship, or affiliation of Pattern Brands' goods and services, and is likely to cause consumers to believe, contrary to fact, that Pattern Brands' goods and services are sold, authorized, endorsed, or sponsored by Pattern, or that Pattern Brands is in some way affiliated with or sponsored by Pattern. As a result, Pattern Brands' conduct therefore constitutes trademark infringement in violation of the Lanham Act.

43. Pattern Brands' use of PATTERN and PATTERN BRANDS to promote and sell substantially similar services to brand owners is an intentional attempt to trade off Pattern's

reputation and good will and to drive consumers from Pattern to Pattern Brands. Pattern Brands' use of PATTERN and PATTERN BRANDS is also confusingly similar to Pattern's PATTERN mark and is likely to cause consumer confusion and a false association between Pattern's ecommerce services and the ecommerce services offered by Pattern Brands, falsely leading consumers to believe that the services emanate from the same source or that Pattern and Pattern Brands are affiliated.

44. As of at least November 2019, Pattern Brands has had actual notice of Pattern's PATTERN mark. Therefore, upon information and belief, Pattern Brands has committed the foregoing acts of infringement with knowledge of Pattern's prior rights in the PATTERN mark and with the willful intent to cause confusion and to trade on Pattern's goodwill.

### FIRST CLAIM FOR RELIEF
**(Trademark Infringement Under § 32 of the Lanham Act)**

45. Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

46. Pattern is the owner of the '775 Registration for the PATTERN mark, which is registered on the Principal Register.

47. Pattern has been using the PATTERN mark since at least January of 2019 in connection with its ecommerce and other services.

48. Pattern Brands is using the PATTERN and PATTERN BRANDS marks in commerce as alleged herein.

49. Pattern Brands' use of PATTERN and PATTERN BRANDS is confusingly similar to Pattern's PATTERN mark.

50. Pattern Brands' actions as described herein constitute trademark infringement of Pattern's '775 Registration under 15 U.S.C. § 1114, in that Pattern Brands' use of the marks creates a likelihood of confusion among the consuming public as to the source, origin, or association of the parties, or is likely to cause mistake or to deceive.

51. Pattern Brands was aware of Pattern's PATTERN mark when it committed the acts as alleged herein.

52. Pattern Brands committed its acts of infringement in willful and flagrant disregard of Pattern's lawful rights.

53. Pattern Brands will, if not enjoined by this Court, continue its acts of trademark infringement as set forth above.

54. Pattern Brands' trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Pattern's registered PATTERN mark, as well as damages and irreparable injury to Pattern's business, goodwill, and reputation. Pattern has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Pattern Brands' continued use of PATTERN and PATTERN BRANDS is deliberate, willful, fraudulent, and constitutes knowing infringement of Pattern's mark, and makes this case exceptional.

55. By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Pattern is entitled to an order of this Court, effective during the pendency of this action

and thereafter to be made permanent, enjoining Pattern Brands its officers, agents, assigns, and employees from using Pattern's PATTERN or PATTERN BRANDS marks or any other confusingly similar marks in the advertising, marketing, or sale of products or services from Pattern Brands.

56. By virtue of the foregoing, Pattern is entitled to an award of treble damages and attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

57. By virtue of the foregoing, Pattern is entitled to monetary damages, together with interest thereon, against Pattern Brands.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement Under § 43 of the Lanham Act)

58. Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

59. Pattern Brands has been using the PATTERN name and mark for its ecommerce services continuously since at least January of 2019, and accordingly has developed common law rights therein.

60. Pattern's trade name "Pattern" is distinctive and has acquired secondary meaning.

61. Pattern Brands' actions of using PATTERN and PATTERN BRANDS as described herein in their advertising, marketing, and selling of products and services constitutes a violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), on the ground that it creates a likelihood of confusion among prospective purchasers as to the source, origin, or association of the parties, and further on the grounds that such usage induces, or is likely to induce, prospective purchasers

and other to believe that Pattern Brands' services and products are performed, manufactured, endorsed, or approve by, or otherwise connected in some way with, Pattern.

62. Pattern Brands was aware of Pattern's PATTERN mark when it committed its acts of infringement.

63. Upon information and belief, Pattern Brands intend to cause confusion and mistake and intend to deceive the buyers of its services and products into believing that they are buying products or services produced by, marketed by, sponsored by, approved of, or licensed by Pattern.

64. Pattern Brands' actions as alleged herein infringe Pattern's common law trademark rights under federal common law, Utah law, and constitute acts of unfair competition.

65. Pattern Brands will, if not enjoined by this Court, continue its acts of trademark infringement as set forth above. Such improper acts have caused and will continue to cause Pattern immediate and irreparable harm.

66. By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Pattern is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Pattern Brands its officers, agents, assigns, and employees from using Pattern's PATTERN or PATTERN BRANDS marks or any other confusingly similar marks in the advertising, marketing, or sale of products or services from Pattern Brands.

67. By virtue of the foregoing, Pattern has suffered damages, the exact amount of which it has not yet been able to determine.

68. By reason of the foregoing, and pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Pattern is entitled to injunctive relief, treble damages, together with interest thereon, in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**(Unfair Competition / Passing Off)**

69. Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

70. Pattern Brands conduct as alleged herein is in violation of the common law proscribing unfair competition and passing off. Such conduct was done intentionally with full knowledge that it violated Pattern's proprietary interest in its mark and name, and with intent to deceive.

71. Pattern seeks judgement against Pattern Brands for injunctive relief, along with compensatory and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in its favor against Defendant as follows:

1. Enjoining Defendant, and all other persons participating or acting in concert with it, from all acts of trademark infringement, unfair competition, and/or any other wrongful conduct alleged in this Complaint;

2. An order from the Court directing Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this Complaint;

3. Awarding Plaintiff its actual damages and any additional damages that the Court deems just and equitable under the circumstances;

4. Awarding Plaintiff treble damages and attorneys' fees for Pattern Brands' deliberate and willful misconduct;

5. Awarding Plaintiff punitive damages for Pattern Brands' deliberate and willful misconduct;

6. Awarding Plaintiff prejudgment and post-judgment interest;

7. Awarding Plaintiff allowable costs; and

8. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues so triable pursuant to Fed. R. Civ. P. 38(b) and 38(c) and under the United States Constitution.

Dorsey & Whitney LLP

DATED this 23rd day of June, 2021.

By: /s/ *Brett L. Foster*
Brett L. Foster
Attorneys for Plaintiff Pattern Inc.